# EXHIBIT 2

FILED
2023 JAN 09 09:00 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 23-2-00337-3 SEA

IN THE SUPERIOR COURT OF WASHINGTON
IN AND FOR KING COUNTY

AIDAN ISRAEL and CHALSE OKOROM

    Plaintiffs,

    vs.

MIGGY MOVER LLC and MIGUEL A. LOPEZ

    Defendant.

Case No.:

COMPLAINT

COMES NOW, Aidan Israel and Chalse Okorom by through their attorney, Sam Leonard of Leonard Law, PLLC and complain against Miggy Mover, LLC as follows:

## I.   PARTIES

1.1   Aidan Israel is a natural person residing in Seattle, Washington.

1.2   Chalse Okorom is a natural person residing in Seattle, Washington.

1.3   Aidan Israel is a "person" as defined in Washington's Consumer Protection Act (CPA), and a "customer" as defined in Chapter 480-15 WAC, which regulates household goods carriers.

1.4   Chalse Okorom is a "person" as defined in Washington's Consumer Protection Act (CPA), and a "customer" as defined in Chapter 480-15 WAC, which regulates household goods carriers.

COMPLAINT - 1

Leonard Law. PLLC
9030 35th Ave. SW, Ste. 100
Seattle, Washington 98126
Ph. (206) 486-1176
Fax (206) 458-6028

1.5 Miggy Mover, LLC (Miggy) is a "person" as defined in the CPA and a "carrier" or "household goods carrier" as defined in Chapter 480-15 WAC, which regulate household goods carriers.

1.6 Miguel A. Lopez is the owner of Miggy.

1.7 Miggy is licensed to do business in Washington under UBI# 604-692-102 from the address 14205 SE 36th Street, Bellevue, WA 98006-1596

1.8 Miggy transports intrastate personal belonging of Washington consumers.

1.9 At all relevant times herein, Miggy was licensed as a Household Goods Carrier by the Washington Utilities and Transportation Commission (UTC) under UTC ID 48941, permit number THG070377.

1.10 Miggy's UTC permit to act as a household goods carrier was voluntarily cancelled on December 29, 2022.

## II.    JURISDICTION AND VENUE

2.1 This Court has jurisdiction over Miggy and Mr. Lopez and the claims in this action under RCW 2.08.010 and RCW 19.86.090.

2.2 Venue is appropriate in King County as this is where Plaintiffs reside, the actions involved herein occurred in King County and the Defendants do business in King County.

## III.    FACTS

3.1 In June 2022, Plaintiffs hired Miggy to move their personal belongings from an apartment they were vacating to a new apartment in Seattle.

3.2 Miggy is an intrastate carrier of household goods in Washington and as such is regulated by the UTC under Tarif 15.

3.3 Miggy failed to provide Plaintiffs a written estimate of the costs of the move prior

COMPLAINT - 2

Leonard Law. PLLC
9030 35th Ave. SW, Ste. 100
Seattle, Washington 98126
Ph. (206) 486-1176
Fax (206) 458-6028

to the move.

3.4     Miggy did not create a bill of lading in the form required by Tariff 15.

3.5     Miggy charged Plaintiffs multiple fees that are not authorized by Tariff 15.

3.6     Miggy did not provide Plaintiffs with a copy of the Consumer Guide to Moving in Washington State as required under Tariff 15.

3.7     While Plaintiffs' personal belongings were in transit, Miggy called Plaintiffs and demanded they pay additional fees. Numerous times, Miggy also attempted to charge Mr. Israel's credit card amounts that Mr. Israel never agreed to pay. When Plaintiffs refused to pay the additional fees, Miggy refused to return Plaintiffs personal belongings. Instead of returning Plaintiffs' personal belongings, Miggy told Plaintiffs that they had disposed of some of Plaintiffs' personal belongings at the Factoria dump.

3.8     Miggy also sold some of Plaintiffs' personal belongings online.

3.9     On information and belief, Mr. Lopez directed the actions of Miggy employees including the increasing the amount demanded as compensation for the move, directing employees to dispose of Plaintiff's belongings, and directing or directing participating in the sale of Plaintiffs' personal belongings.

3.10    Miggy never delivered or returned a majority of Plaintiffs' personal belongings.

3.11    Plaintiffs missed work and schooling dealing with the consequences of Miggy's actions.

3.12    Miggy, and Mr. Lopez personally, caused Plaintiffs emotional distress through their actions relating to the move and even after the move harassed the Plaintiffs online and through text.

3.13    Plaintiffs received treatment for the emotional distress that Miggy's actions

COMPLAINT - 3

caused.

## IV.   FIRST CLAIM
*Violation of Washington's Consumer Protection Act (RCW 19.86 et. seq.)*

4.1   Plaintiffs incorporate herein all preceding paragraphs.

4.2   The CPA makes illegal unfair or deceptive conduct occurring in trade or commerce that affects the public interest and causes injury to a person's business or property.

4.3   Miggy's conduct described herein was either unfair or deceptive.

4.4   Miggy's conduct occurred in trade and in commerce.

10.1   Miggy's conduct affects the public interest because it has the capacity to injure other persons or has injured other persons and because the business of the movement of personal property affects the public interest.

10.2   Under the CPA a manager or principal of a limited liability business can be held liable for the unfair or deceptive conduct of the business where they participate, or with knowledge approve of, the unfair or deceptive conduct.

10.3   On information and belief, Miguel Lopez engaged in the unfair or deceptive conduct alleged herein, or with knowledge approved the unfair or deceptive conduct and is therefore liable under the CPA.

4.5   Miggy's failure to return Plaintiffs personal belongings caused injury to Plaintiffs' business or property.

## V.   SECOND CLAIM
*Conversion*

5.1   Plaintiffs incorporate herein all preceding paragraphs.

5.2   Conversion is the act of willfully interfering with any chattel, without lawful justification, whereby any person entitled thereto is deprived of the possession of the chattel.

COMPLAINT - 4

Leonard Law. PLLC
9030 35th Ave. SW, Ste. 100
Seattle, Washington 98126
Ph. (206) 486-1176
Fax (206) 458-6028

5.3 Miggy, and on information and belief Mr. Lopez, willfully deprived Plaintiffs of the possession of their personal property without lawful justification.

5.4 The personal property that Miggy and Mr. Lopez deprived Plaintiffs of included clothes, instruments, silverware and numerous other personal items that fall within the definition of chattel under the law.

5.5 Miggy's, and Mr. Lopez's, actions caused Plaintiffs injury in the form of the loss of possession of their personal belongings, expenses to replace their personal belongings, lost work and business opportunity, emotional distress, loss of enjoyment of life and the costs of treatment for that emotional distress.

## VI. THIRD CLAIM
*Outrage – Intentional Infliction of Emotional Distress*

6.1 Plaintiffs incorporate herein all preceding paragraphs.

6.2 A person commits the tort of outrage when they engage in extreme and outrageous conduct, which intentionally or recklessly inflicts severe emotional distress on the party of another.

6.3 Miggy's and Mr. Lopez's actions described herein were extreme and outrageous.

6.4 Miggy's and Mr. Lopez's actions were intended to cause Plaintiffs' emotional distress or Miggy and Mr. Lopez's actions described herein were done with reckless disregard of the fact that it would cause Plaintiffs emotional distress.

6.5 Miggy's and Mr. Lopez's actions caused Plaintiffs' emotional distress.

6.6 Miggy and Mr. Lopez are liable to Plaintiffs for the costs of the treatment of their emotional distress and for the general damages their actions caused Plaintiffs.

COMPLAINT - 5

Leonard Law. PLLC
9030 35th Ave. SW, Ste. 100
Seattle, Washington 98126
Ph. (206) 486-1176
Fax (206) 458-6028

## VII.   FOURTH CLAIM
*Negligent Infliction of Emotional Distress*

7.1   Plaintiffs incorporate herein all preceding paragraphs.

7.2   The tort of negligent infliction of emotional distress encompasses three elements: (1) the emotional distress is within the scope of foreseeable harm of the negligent conduct, (2) the plaintiff reasonably reacted given the circumstances, and (3) objective symptomatology confirms the distress.

7.3   Defendants' conduct described herein was negligent and caused Plaintiffs emotional distress that has been confirmed by objective symptomology.

7.4   Plaintiffs' actions in response to Defendants' conduct was reasonable.

7.5   Defendants are liable to Plaintiffs for the costs of the treatment of their emotional distress and the general damages Defendants' actions caused Plaintiffs.

## VIII.   FIFTH CLAIM
*Fraud*

8.1   Plaintiffs incorporate herein all preceding paragraphs.

8.2   Prior to taking possession of Plaintiffs' personal items Defendants provided an estimate of the costs they would charge to move Plaintiffs' belongings to their new apartment.

8.3   On information and belief, Defendants knew that they would not move Plaintiffs' belongings for the price they quoted the Plaintiffs and that they would not return to Plaintiffs their belonging unless a greater amount was paid.

8.4   On information and belief, Defendants intended to induce Plaintiffs to hire them and induce Plaintiffs to give Defendants temporary possession of Plaintiffs' personal belongings based on the estimated price they knew was false.

8.5   Plaintiffs reasonably relied upon the estimate provided by the Defendants and

COMPLAINT - 6

Leonard Law. PLLC
9030 35th Ave. SW, Ste. 100
Seattle, Washington 98126
Ph. (206) 486-1176
Fax (206) 458-6028

Defendants representations that they would move their personal belongings for the price they were quoted, and Plaintiffs were unaware of the falsity of the estimates.

8.6   Plaintiffs had the right to rely on the accuracy of Defendants' representations.

8.7   Defendants' false representations caused Plaintiffs to lose property, incur medical costs, miss work, and suffer emotional distress.

### IX.   SIXTH CLAIM
*Negligent Misrepresentation*

9.1   Plaintiffs incorporate herein all preceding paragraphs.

9.2   Defendants provided Plaintiffs an estimated price to move Plaintiffs' personal belongings.

9.3   Defendants supplied the estimate for the guidance of the Plaintiffs decision in hiring a moving company.

9.4   The estimate was false.

9.5   Defendants knew or should have known that the estimate was supplied to guide the Plaintiffs in their business transaction with the Defendants.

9.6   The Defendants were negligent in obtaining or communicating the false information to the Plaintiffs.

9.7   The Plaintiffs relied on the false estimate and Defendants representations that they would move Plaintiffs' personal belonging to their new apartment.

9.8   The Plaintiffs' reliance on the Defendants' representations was reasonable.

9.9   The Defendants false representations caused Plaintiffs injury and damages.

### X.   SEVENTH CLAIM
*Breach of Contract*

10.1   Plaintiffs incorporate herein all preceding paragraphs.

COMPLAINT - 7

Leonard Law. PLLC
9030 35th Ave. SW, Ste. 100
Seattle, Washington 98126
Ph. (206) 486-1176
Fax (206) 458-6028

10.2  Plaintiffs and Defendants entered into an oral contract for services.

10.3  Defendants failed to provide the services they agreed to provide at the price they agreed to provide it at.

10.4  Defendants' failure to provide the services at the agreed price caused Plaintiffs' injury and damages.

## XI.  EIGHTH CLAIM
*Negligent Supervision and Hiring*

11.1  Plaintiffs incorporate herein all preceding paragraphs.

11.2  An employer that knows or reasonably should know through the exercise of reasonable care that an employee presents a risk of danger to others is negligent in their supervision or hiring of the employee who presents a risk of danger to others and liable where such employee's actions cause others harm.

11.3  To the extent that Miggy and Mr. Lopez did not approve or participate in the conduct of their employees alleged herein, they are liable for their actions because they either knew or should have known of the employees conduct and that the employees presented a risk of harm to others.

## XII.  NINTH CLAIM
*Negligence*

12.1  Plaintiffs incorporate herein all preceding paragraphs.

12.2  Defendants had an independent duty to provide Plaintiffs moving services in the manner and form proscribed by Tariff-15.

12.3  Defendants negligently failed to comply with their duties resulting in harm to the Plaintiffs as described herein.

12.4  Defendants are liable to the Plaintiff for the harm their negligence has caused.

COMPLAINT - 8

## XIII.   RELIEF REQUESTED

Wherefore, Plaintiffs for the following relief:

A.  An order enjoining Defendants from continuing to engage in the conduct alleged herein.

B.  For an award of special and general damages in amounts that shall be determined.

C.  For an award of treble damages permitted under RCW 19.86.090.

D.  For an award of attorneys' fees, costs of suit and prejudgment interest; and

E.  Such other relief as the Court deems just and proper.

DATED January 8, 2022

*/s/ Sam Leonard*
Sam Leonard WSBA #46498
Leonard Law, PLLC
9030 35th Ave SW, Ste. 100
Seattle, Washington 98126
Telephone: 206-486-1176
Fax: 206-458-6028
Email: sam@seattledebtdefense.com

*Attorney for Plaintiffs*

COMPLAINT - 9

Leonard Law. PLLC
9030 35th Ave. SW, Ste. 100
Seattle, Washington 98126
Ph. (206) 486-1176
Fax (206) 458-6028