UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AIDAN ISRAEL and CHALSE OKOROM,<br><br>Plaintiffs,<br><br>v.<br><br>SAFECO INSURANCE COMPANY OF AMERICA,<br><br>Defendant. | CASE NO. C23-1788 MJP<br><br>ORDER GRANTING MOTION TO REMAND |

This matter comes before the Court on Plaintiffs' Motion to Remand. (Dkt. No. 8.) Having reviewed the Motion, the Response (Dkt. No. 11), the Reply (Dkt. No. 14), and all supporting materials, the Court GRANTS the Motion and REMANDS this action to King County Superior Court.

**BACKGROUND**

Plaintiffs filed suit against Safeco Insurance Company of America who issued a renter's insurance policy to Plaintiff Aidan Israel and refused to pay benefits for a claim of stolen

personal belongings. (Complaint (Dkt. No. 1-1).) Plaintiffs filed their complaint in King County Superior Court in June 2023, alleging claims for breach of contract and violations of the Washington Consumer Protection Act. (Id.) On November 20, 2023, Safeco removed this action, thirty days after Plaintiffs amended their complaint to add a claim under the Washington Insurance Fair Conduct Act. (Notice of Removal (Dkt. No. 1).) Safeco contends that it was only after Plaintiffs filed their amended complaint that the amount in controversy exceeded $75,000 and diversity jurisdiction existed. (See id. at 1-2.) Plaintiffs seek remand, arguing that Safeco waited too long to remove the action. Because the Parties agree the amount in controversy exceeds $75,000, the Court examines a timeline of events impacting when the amount in controversy may have exceed $75,000.

Safeco argues that when Plaintiffs initially filed their complaint for breach of contract and CPA violations, the amount in controversy fell below $75,000. The initial complaint sought the reasonable value of Plaintiffs' lost property, which Safeco contends is $27,647, general damages, treble damages up to $25,000, and attorneys' fees. (See Dkt. No. 1 at 2; Dkt. No. 1-1; Def. Opp. at 3 (Dkt. No. 11).) Plaintiffs argue that their claim for benefits included all stolen property and that this was not limited to $27,647. (See Mot. at 4-5.) Plaintiffs also point out that with the initial complaint, they served Safeco and the Office of Insurance Commissioner with a copy of a proposed amended complaint that contained an IFCA claim. (Dkt. No. 5-7; see also Dkt. No. 5-10 at 39 (counsel for Safeco acknowledging receipt of the draft amended complaint, and contesting the adequacy of service of the IFCA notice).) With their notice of removal, Safeco concedes that the IFCA claim alone puts more than $75,000 in controversy. (Not. of Removal at 2 (asserting that Plaintiffs seek $82,401 in damages, based on a "trebling of the contractual benefits").)

1   After Plaintiffs filed suit, the Parties discussed and exchanged settlement offers. On
2   August 10, 2023, Safeco offered to resolve the dispute for $27,647. (Declaration of Matthew
3   Adams ¶ 2 (Dkt. No. 12). On August 24, 2023, Plaintiffs rejected the proposal and countered
4   with a demand for $100,000. (Declaration of Jennifer Aragon Ex. 7 (Dkt. No. 13-7).) Safeco
5   rejected the demand and now contends that this settlement demand was unreasonable.

6   Having failed to settle the dispute, Plaintiffs sought leave of court to file their amended
7   complaint containing the IFCA claim. Plaintiffs filed their motion for leave on September 26,
8   2023, and included a copy of the proposed amended complaint. (Dkt. No. 5-6.) Over Safeco's
9   objections, the Superior Court granted Plaintiffs' Motion to Amend on October 13, 2023.
10  (Declaration of Jennifer Aragon Ex. 9 (Dkt. No. 17-9).) Plaintiffs then filed and served the
11  amended complaint on October 20, 2023. (Id. Ex. 10 (Dkt. No. 17-10).) Safeco removed this
12  action on November 20, 2023. (Dkt. No. 1.) Safeco's notice of removal was filed thirty-eight
13  days after the Superior Court granted leave to amend and thirty days from the date the amended
14  complaint was filed.

## ANALYSIS

**A.      Legal Standard**

A defendant may remove an action filed in state court if the federal district court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). The party seeking removal bears the burden of establishing federal jurisdiction by a preponderance of the evidence. Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006); Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007). Federal courts strictly construe the removal statute and must reject jurisdiction if there is any doubt as to the right of removal in the first instance. See Hawaii ex rel. Louie v. HSBC Bank Nev., N.A., 761 F.3d 1027, 1034 (9th Cir. 2014); Gaus v.

Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). When "it is unclear from the face of the complaint whether the amount in controversy exceeds $75,000, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 416 (9th Cir. 2018) (quotation omitted). "In assessing the amount in controversy, we may consider allegations in the complaint and in the notice of removal, as well as summary-judgment-type evidence relevant to the amount in controversy." Id. And any doubts as to the right of removal must be resolved in favor of remanding to state court. See Durham, 445 F.3d at 1252.

As to timing, an action must be removed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). But "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

One question posed in this case is whether § 1446(b)(3)'s thirty-day window runs from the date a state court grants leave to amend or the date the amended complaint was filed. The Ninth Circuit appears not to have weighed in on this issue. But "'[t]he majority of courts have taken the position that the 30 day period commences upon either the granting of the motion to amend or the actual filing of the amended complaint." Fesko v. Equiant Fin. Servs. Inc., No. CV-19-01366-PHX-DWL, 2019 WL 1915617, at *2 (D. Ariz. Apr. 30, 2019) (quoting Douklias v. Teacher's Ins. & Annuity Ass'n, 35 F. Supp. 2d 612, 615 (W.D. Tenn. 1999)). The Court is persuaded by this "majority" rule, which aligns with the plain language of 28 U.S.C. § 1446(b).

1    The thirty day window can run from the state court's order granting leave to amend or the date
2    the amended complaint is filed, depending on which of these makes it ascertainable that the case
3    "is or has become removable." 28 U.S.C. § 1446(b)(3). The Court rejects Safeco's argument that
4    the removal window commences only after the filing of the amended complaint. (See Def. Opp.
5    at 9-11.) Safeco premises this argument on an incorrect statement that "[t]he 9th Circuit has
6    addressed this" and held that an amended complaint triggers the removal window only upon its
7    filing. (Resp. at 9 (citing Manos v. Wolf Firm, Case No. 8:18-cv-138-JLS-JDE, 2018 WL
8    1737775 (C.D. Cal. Apr. 9, 2018)).) But the sole case on which Safeco relies is an unpublished
9    district court decision, not a Ninth Circuit opinion. Safeco fails to identify any Ninth Circuit
10   authority to support its argument, contrary to its representation. And while the Ninth Circuit
11   ultimately affirmed the district court's disposition of the Manos, it did not weigh in on the
12   removal analysis. See Manos v. Wolf Firm, 771 F. App'x 364 (9th Cir. 2019). Safeco's argument
13   is not well taken. More importantly, the Court remains unpersuaded by the reasoning in Manos
14   and declines to read the removal statute as narrowly as Safeco suggests. Doing so would places
15   limitations on the scope of the removal statute that do not exist in its plain language.

16   **B.      Removal Untimely**

17          The Court finds that this case was untimely removed for two independent reasons.
18          First, the Court agrees with Plaintiffs that Safeco should have removed this case after
19   Plaintiffs served their demand for $100,000 on August 24, 2023. The Ninth Circuit has "held that
20   a demand letter sent during the course of the state court action can constitute 'other paper' within
21   the meaning of section 1446(b) if it reflects a reasonable estimate of the plaintiff's claim.'"
22   Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 885 (9th Cir. 2010). While Safeco argues
23   the demand was unreasonable, the Court is not persuaded. Safeco admits the amount in
24

ORDER GRANTING MOTION TO REMAND - 5

controversy at the time of filing the complaint was $52,647. (See Notice of Removal at 2 (the sum of the contractual benefits and the treble damages available under the CPA).) This figure does not include either the general damages or attorneys' fees that Plaintiffs sought, which could reasonably exceed an additional $25,000. And from the very beginning of the case, Plaintiffs provided notice that they intended to pursue an IFCA claim that Safeco admits could put an additional $82,401 in controversy. So when Plaintiffs provided their August 24, 2023 demand for $100,000, Safeco could reasonably see that Plaintiffs existing claims for damages and attorneys' fees, as well as the looming IFCA claim, put the amount in controversy well over $100,000. Against this backdrop, the Court finds the settlement offer was reasonable. It constituted an "other paper" from which Safeco could have ascertained that the amount in controversy exceeded $75,000. And it renders the removal filed eighty-eight days later untimely.

Second, even if the settlement demand was unreasonable, Safeco should have removed this case by November 12, 2023—thirty days from the date the Superior Court granted leave to amend. Consistent with the "majority view," the Superior Court's order is an "other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3); see Fesko, 2019 WL 1915617, at *2. When the Superior Court granted leave to amend, Safeco was aware of Plaintiffs' draft amended complaint and their intent to pursue IFCA claims. Indeed, Safeco was aware of Plaintiffs' desire to pursue IFCA claims as far back as June 2023, when Plaintiffs filed suit. And with Plaintiffs' Motion for Leave to Amend, Safeco received a copy of the proposed amended complaint with the IFCA claims that Safeco concedes put an additional $82,401 in controversy. (See Not. of Removal at 2; Dkt. No. 5-7.) Against this backdrop, the filing of the amended complaint was a mere formality that did not ultimately impact the ascertainably of the amount in question. Once the Superior Court issued its

order granting leave to amend on October 13, 2023, it was indisputably ascertainable that the amount in controversy exceeded $75,000, triggering the thirty-day removal window. But Safeco waited eight days too long, filing the notice of removal on November 20, 2023. This is an independent basis on which the Court finds the removal was untimely.

On these two independent bases, the Court finds that the removal was untimely. The Court GRANTS Plaintiffs' Motion to Remand and REMANDS this action to King County Superior Court.

**C.      Attorneys' Fees**

The Court declines Plaintiffs' request for attorneys' fees in filing the Motion to Remand.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). But an award of fees is proper only where there is evidence of bad faith or where the basis to remove was not "fairly supportable." Schmitt v. Ins. Co. of N. Am., 845 F.2d 1546, 1552 (9th Cir. 1988) superseded on other grounds as recognized in Moore v. Permanente Med. Group, Inc., 981 F.2d 443 (9th Cir. 1992).

On the record before it, the Court finds that Safeco's removal was fairly supportable and there is no evidence of bad faith. Safeco's contention that the initial settlement demand was unreasonable strikes the Court as a fairly supportable position. And, given the absence of Ninth Circuit authority, Safeco had a decent, though unwinnable position that the time to remove this action commenced when the amended complaint was filed, not when leave was granted. For these reasons, the Court finds that fees are not properly awarded under § 1447(c) and DENIES the request.

## CONCLUSION

The Court finds that Safeco's removal of this action was untimely. The amount in controversy was ascertainable from Plaintiffs' August 24, 2023 settlement demand and the Superior Court's October 13, 2023 order granting leave to amend. Safeco's removal on November 20, 2023 falls outside of § 1446(b)(3)'s thirty-day window. For this reason, the Court GRANTS the Motion to Remand and REMANDS this action to King County Superior Court. The Court DENIES Plaintiffs' request for attorneys' fees.

The clerk is ordered to provide copies of this order to all counsel.

Dated January 26, 2024.

Marsha J. Pechman
United States Senior District Judge